UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRIAN HODGES, on behalf of
himself and all others similarly
situated,
    Plaintiff,

v.

MERIDIAN WASTE
ACQUISITIONS, LLC, a Foreign
Profit Corporation and MERIDIAN
WASTE FLORIDA, LLC, a Florida
Limited Liability Company,
    Defendants.

Case No. 3:25-cv-62-TJC-SJH

---

NATISHA RIESKE, on behalf of
herself and those similarly situated,
    Plaintiff,

v.

ACCOUNTING FULFILLMENT
SERVICES LLC, Foreign Limited
Liability Company, MICHAEL
SAVAGE, individually, and
BRENDON PACK, individually,
    Defendants.

Case No. 5:25-cv-45-CEM-PRL

**O R D E R**

**THIS CASE** is before the Court on Defendants' Motion for Sanctions and

the Court's Order to Show Cause. (Docs. 36, 46 in 3:25-cv-62; Doc. 52 in 5:25-

cv-45). The Court held a hearing on January 13, 2026. (Doc. 51 in 3:25-cv-62; Doc. 57 in 5:25-cv-45).

It has always been true that lawyers are ethically bound in all court filings to provide true and accurate record and case citations. The use of AI as a legal research tool does not alter this basic requirement of candor to the tribunal. Here, Plaintiff's Counsel admittedly filed briefs in two cases which contained AI-generated fake citations. This caused both his opponents and the Court to spend unnecessary and unproductive time, not to mention the damage to the credibility of the legal system writ large when Counsel violated this most basic professional obligation.

To the extent there's a temptation, whether economic or otherwise, for lawyers to take the shortcut of relying on AI or the assistance of others without verification, the Court wants to be clear: It is not acceptable conduct; it will not be tolerated.

Upon discovery of this problem, Plaintiff's Counsel took corrective steps. These included efforts to withdraw the offending filings; paying Defendants $7,000.00 for fees associated with correcting the record in 3:25-cv-62 and reducing his fees in 5:25-cv-45; completing multiple CLE's related to ethics and AI; arranging CLE for his law firm; alerting the clients involved; and apologizing to the Court and Defendants' Counsel. As ordered by the Court,

Plaintiff's Counsel provided a report that confirmed none of Counsel's other cases in this district had similar issues. (Doc. 49 in 3:25-cv-62).

Plaintiff's Counsel showed contrition and the Court accepts his representation there was no intention to mislead the Court. However, this is serious business. As a further sanction, Plaintiff's Counsel will be required to speak to bar associations about what he did and how to prevent it. In these precise circumstances, given Counsel's prompt and significant efforts to remediate the harm and his sincere remorse, the Court has decided not to refer Counsel to the Middle District Grievance Committee or the Florida Bar.[1]

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motion for Sanctions is **GRANTED**. (Doc. 36 in 3:25-cv-62). No later than **January 30, 2026**, the Parties shall either file a joint report (in 3:25-cv-62) stating Defendants are satisfied with the amounts paid in attorney's fees to address this issue, or Defendants shall file an affidavit regarding additional fees sought (after proper conferral).

2. No later than **January 29, 2027**, Plaintiff's Counsel is required to secure ten opportunities to speak at bar associations or groups of law

---

[1] A future, different, case might well require additional sanctions, including referral to the Bar.

3

students to share his experience of improper reliance on unverified research and encourage others to avoid similar problems.

3. No later than **January 29, 2027**, Plaintiff's Counsel is responsible to certify his compliance with paragraph two, with a report filed in both cases.

4. The Court's Order to Show Cause is **DISCHARGED**. (Doc. 46 in 3:25-cv-62; Doc. 52 in 5:25-cv-45).

**DONE AND ORDERED** in Jacksonville, Florida the 16th day of January, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:

Honorable Carlos Mendoza
Counsel of record

4